# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

JACQUELINE McCOVEY,

                        Plaintiff,

-against-

THE TJX COMPANIES, INC.,

                        Defendant.

---

Index No.    506727/2022
Date Purchased  3/7/2022

Plaintiff(s) designate(s)
Kings
County as the place of trial.

The basis of venue is
plaintiff's address

**SUMMONS**

To the above named Defendant(s):

*You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Notice of Electronic Filing
(See Rider Annexed)

Dated: New York, New York
March 7, 2022

**JAROSLAWICZ & JAROS PLLC**
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
dj@lawjaros.com

By: _____
      David Jaroslawicz

Defendant(s) address(es):

THE TJX COMPANIES, INC.
770 Cochituate Road
Framingham, MA 01701
    -and-
351 Gateway Drive
Brooklyn, New York 11236

## RIDER

### NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and
2) You are a Defendant/Respondent (a party) in this case.

• **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

• **If you are not represented by an attorney:**

You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

IF you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the Internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:
• serving and filing your documents electronically
• free access to view and print your e-filed documents
• limiting your number of trips to the courthouse
• paying any court fees on-line (credit card needed)

To register fore-filing or for more information about how e-filing works:
• visit: www.nycourts.gov/efile-unrepresented or
• contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov. To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
(E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:
1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or
2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: n_y_scef@nycourts.gov).

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X

JACQUELINE McCOVEY,

                              Plaintiff,

-against-

THE TJX COMPANIES, INC.,

                              Defendant.

---------------------------------------------------------------X

Index No. 506727/2022

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, Jaroslawicz & Jaros PLLC complaining of the defendants, upon information and belief, alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff is a resident of the State of New York, County of Kings.

2. At all times hereinafter mentioned, the defendant is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, authorized to do business and doing business in the State of New York.

3. At all times hereinafter mentioned, defendant owned a store known as Marshalls located at 351 Gateway Drive, Brooklyn, New York.

4. At all times hereinafter mentioned, defendant operated the aforementioned store.

5. At all times hereinafter mentioned, defendant maintained the aforementioned store.

## THE UNDERLYING FACTS

6. On or about November 4, 2021, plaintiff was lawfully a patron in the defendant's store.

7. Due to defendant's recklessness, carelessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries when a vertical display/partition fell upon the plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Defendant, by its agents, servants and/or employees, was negligent, careless and reckless in the ownership, operation, control, management, maintenance, inspection and care of the aforesaid store and premises; in failing to maintain the aforesaid store and premises in a reasonably safe condition; in failing to use reasonable care to maintain the subject store and premises in a safe condition; in causing, allowing, suffering and/or permitting the subject display/partition to be and remain in a dangerous, defective and hazardous condition; in causing, allowing, suffering and/or permitting the subject display/partition to be on a unstable and insecure base; in causing, allowing, suffering and/or permitting the subject display/partition to be on a base that was missing a wheel; in failing to properly inspect, maintain and/or repair the subject display/partition and it's base; in causing, allowing, suffering and or permitting a wheel from the base of said display/partition to be missing; in failing to perform adequate, necessary and proper inspections, maintenance and repairs of the subject display/partition and its base; in failing to have an adequate and necessary program for inspections of the subject display/partition

(Page 7 of 19)
Case 1:22-cv-02570-KAM-RLM   Document 1-1   Filed 05/05/22   Page 6 of 9 PageID #: 9
FILED: KINGS COUNTY CLERK 03/07/2022 05:39 PM
NYSCEF DOC. NO. 1
INDEX NO. 506727/2022
RECEIVED NYSCEF: 03/07/2022

and its base; in causing, allowing, suffering and/or permitting the subject display/partition to be and remain in such a state of disrepair and in an area where customers were exposed to it; in failing to provide adequate and sufficient warning of the dangerous, defective and hazardous condition; in causing, allowing, suffering and/or permitting a dangerous, defective and hazardous condition to exist: in permitting said dangerous and hazardous condition to exist and remain; in failing to take necessary actions to remedy and correct the said dangerous and hazardous condition; in causing, and allowing the premises to remain and be in a dangerous, defective and hazardous condition; in employing insufficient and incompetent help to inspect, maintain and repair said store and premises, as well as the displays/partitions located thereat; in carelessly and negligently failing to remedy or cure said dangerous, defective and hazardous condition; in causing, allowing and permitting said area to become and remain in an unsafe condition; in violating applicable laws, rules and regulations, including Labor Law 376; plaintiff will also rely upon *res ipsa loquitur*; and defendant was otherwise reckless, careless and negligent.

9. As a result of the subject occurrence, the plaintiff sustained serious and permanent injuries including, but not limited to, torn labrum, right hip which requires surgery; internal derangement of right hip; bursitis, right hip, right hip effusion; post-surgical scarring to right hip is anticipated; severe pain, tenderness, weakness and swelling to right hip; restriction of motion to right hip; difficulty ambulating; torn rotator cuff, right shoulder; torn biceps tendon, right arm; tear of supraspinatus, infraspinatus and

subscapularis tendons of right shoulder; right shoulder surgery is anticipated; injections to right shoulder together with post-surgical scarring; severe pain, tenderness, weakness and swelling to right shoulder; restriction of motion to right shoulder; swelling, effusion, tendinosis and pain to right knee; plaintiff will require orthopedic treatment, injections, physical therapy and pain medication for the aforesaid injuries; onset of arthritic changes to the injured areas are anticipated; in addition thereto, plaintiff sustained injuries to the skin, bones, muscles, tissues, cartilage, ligaments, blood vessels, nerve systems, and nerve centers of the affected areas of the body; in the event that the injuries were superimposed upon any pre-existing conditions, including but not limited to any latent condition, or there was any pre-existing element, including but not limited to the normal aging process, which have contributed to the extent and severity of the injuries and rendered plaintiff more prone and/or weakened and/or susceptible to further injury, then such pre-existing conditions or susceptibility, if any, were aggravated, activated, precipitated, triggered, accelerated and/or acted upon by the injuries sustained in the subject occurrence and/or caused plaintiff to become symptomatic; extreme pain, suffering, mental anguish and distress; diminished quality of and ability to enjoy life; any and all of the above injuries at or near any joint is expected to result in and cause traumatic arthritis and or onset of arthritis, osteoarthritic involvement, osteoporosis and or necrosis at an earlier age, at an accelerated rate and with greater severity than would have otherwise occurred; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

10. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendant.

WHEREFORE, plaintiff demands judgment against the defendant, to recover for all of her damages, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz

(Page 10 of 12)
Case 1:22-cv-02570-KAM-RLM Document 1-1 Filed 05/05/22 Page 9 of 9 PageID #: 12
FILED: KINGS COUNTY CLERK 03/07/2022 05:39 PM
NYSCEF DOC. NO. 1
INDEX NO. 506727/2022
RECEIVED NYSCEF: 03/07/2022

DAVID JAROSLAWICZ, a member of the firm of JAROSLAWICZ & JAROS PLLC, attorneys for the plaintiff(s) in the within action, duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2106(a).

That he has read the foregoing Complaint and knows the contents thereof; that the same is true to his own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he believes them to be true.

Affiant further states that the source of his information and the grounds of his belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiff(s).

Affiant further states that the reason this affirmation is not made by the plaintiff(s) is that at the time this document was being prepared, the plaintiff(s) was (were) not within the County of New York, which is the County where the attorney for the plaintiff(s) herein maintains his office.

Dated: New York, New York
March 7, 2022

_____
DAVID JAROSLAWICZ